# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2010

Lyle W. Cayce
Clerk

No. 09-50806
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-109-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Paul Garza appeals the sentence imposed upon revocation of his supervised release. Garza was incorrectly advised during his underlying criminal proceedings that he faced a maximum of three years (instead of five years) of supervised release in connection with his offense of possession of a firearm during the commission of a drug trafficking offense. Garza was convicted of that offense and sentenced to five years in prison and five years of supervised release. Following the revocation of his supervised release, Garza

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was sentenced to 24 months of imprisonment and 36 months of supervised release.

Garza states that his initial guilty plea was involuntary because he was incorrectly advised of the term of supervised release he could receive. He argues that revocation counsel was ineffective for not noticing that the plea agreement stated that Garza could receive a maximum term of three years of supervised release and for not "possibly ask[ing] for specific performance" of his plea agreement. He argues that, based upon the terms of his plea agreement, this court should vacate his sentence so that he can be resentenced to 24 months in prison and 12 months of supervised release.

It is well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence. *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005) Accordingly, we do not consider any challenge by Garza to his underlying conviction. In addition, because the record is insufficiently developed to allow consideration at this time of Garza's claim of ineffective assistance of revocation counsel, we do not consider his claim of ineffective assistance of counsel. *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

Because Garza did not challenge his revocation sentence in the district court, our review of his challenge to that sentence is for plain error. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court's imposition of the reimposed supervised release term was proper under 18 U.S.C. § 3583(h). Moreover, Garza has failed to demonstrate that, in his case, any conflict between his revocation sentence and

the sentencing/plea agreement admonishments he received in 2005 rises to the level of plain error.  Accordingly, the district court's judgment is AFFIRMED.